Donald A. Lattin, Esq.
Nevada State Bar No. 693
MAUPIN, COX & LeGOY
4785 Caughlin Parkway
Reno, Nevada 89519
Tel.: (775) 827-2000 / Fax: (775) 827-2185
dlattin@mcllawfirm.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN ILIESCU, JR, and SONNIA ILIESCU, Trustees of The John Iliescu, Jr. and Sonnia Iliescu 1992 Family Trust Agreement, dated January 24, 1992,<br><br>Plaintiffs,<br><br>vs.<br><br>THE REGIONAL TRANSPORTATION COMMISSION OF WASHOE COUNTY, a special unit of the government; and DOES I through X, inclusive,<br><br>Defendants. | Case No. 3:21-cv-000387<br><br>**COMPLAINT**<br><br>*JURY DEMAND* |

Plaintiffs, JOHN ILIESCU, JR. and SONNIA ILIESCU, Trustees of The John Iliescu, Jr. and Sonnia Iliescu 1992 Family Trust Agreement, dated January 24, 1992 ("Plaintiffs"), by and through their attorneys of record, the law firm of MAUPIN, COX & LeGOY, complain and allege against Defendants, above named, as follows:

**PRELIMINARY STATEMENT**

1. This is an action for the wrongful taking of the Plaintiffs' private property for public use without just compensation under 42 U.S.C. § 1983 and for substantial and related claims for inverse condemnation, trespass and private nuisance.

1

2. The Plaintiffs seek approximately $200,000 in damages and any other further relief the Court deems proper.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under 42 U.S.C. § 1983. The Court has supplemental jurisdiction over the inverse condemnation, trespass and nuisance claims because they arose out of the same transaction as the claims under 42 U.S.C. § 1983.

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3), in that the Defendant resides in this district and all Defendants reside in Nevada. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiffs are trustees of The John Iliescu, Jr. and Sonnia Iliescu 1992 Family Trust ("the Trust").

6. Plaintiffs are individuals who reside in Reno, Nevada and are citizens of Nevada.

7. Upon information and belief, Defendant THE REGIONAL TRANSPORTATION COMMISSION OF WASHOE COUNTY ("Defendant") is a governmental entity in Washoe County, Nevada and is a citizen of Nevada.

8. Plaintiffs do not know the true names and identities of those defendants herein referred to by fictitious names, but are informed and believe, and on that basis allege, that they are persons or entities who are servants, agents, employees, or representatives of the named defendants, or persons acting in concert with said defendants, with reference to the premises pleaded herein, and are liable to Plaintiffs by reason thereof. Plaintiffs specifically pray for leave to amend this Complaint to allege such true names, identities, and capacities with appropriate allegations when same become more fully known to Plaintiffs.

MAUPIN COX LEGOY
ATTORNEYS AT LAW
4785 Caughlin Pkwy
Reno, Nevada 89519
(775) 827-2000
www.mcllawfirm.com

9. Defendants, and each of them, were, at all times pertinent hereto, the agents of each other, and all acts and omissions to act herein were either within the scope and course of each agent's designated duties, or, in the alternative, were, after investigation and acquisition of full knowledge, ratified and adopted by each agent's principal.

**FACTS**

10. The Trust owns real property located at 961 South Virginia Street in Reno, Nevada, which is identified by APN 014-063-11.

11. The Trust also owns real property located at 999 South Virginia Street[1], which is identified by APN 014-06-07.

12. On or about January 22, 2019, the Defendant notified the Plaintiffs via letter of the potential acquisition of one (1) temporary construction easement on APN 014-063-11 and one (1) temporary construction easement on APN 014-06-07 (collectively, "the Properties") through eminent domain for the construction of the Virginia Street Bus Rapid Transit Extension Project ("the Project"). A copy of the letter is attached hereto as Exhibit 1.

13. The Defendant initiated condemnation proceedings ("the Proceedings") to obtain these easements in the Second Judicial District Court under case number CV19-00753, which is currently on appeal to the Nevada Supreme Court. A copy of the Verified Complaint in Eminent Domain is attached hereto as Exhibit 2.

14. Upon information and belief, a driveway providing access to APN 014-06-07 via South Virginia Street was eliminated as a result of the Project.

15. The Defendant did not obtain an easement to eliminate the driveway.

16. The elimination of the driveway to APN 014-06-07 was not litigated in the Proceedings.

---

[1] This property is also designated as 0 South Virginia Street.


4785 Caughlin Pkwy
Reno, Nevada 89519
(775) 827-2000
www.mcllawfirm.com

17. Upon information and belief, the Defendant also placed a drain on APN 014-06-07 as a result of the Project.

18. The Defendant did not obtain an easement for the drain.

19. The matter of the drain was not litigated in the Proceedings.

**FIRST CLAIM FOR RELIEF**
(42 U.S.C. § 1983 – Driveway)

20. Plaintiffs reassert and reallege each and every allegation contained in the General Allegations as though set forth herein in their entirety.

21. Under the Fifth and Fourteenth Amendments to the United States Constitution[2], the Plaintiffs have a constitutional right to just compensation for the taking of their private property for public use.

22. The Defendant eliminated the driveway to APN 014-06-07 as a result of the Project.

23. The Defendant's conduct in eliminating the driveway constituted a taking of private property for public use.

24. The Defendant acted under the color of state law in eliminating the driveway.

25. The Defendant did not provide just compensation to the Plaintiffs for the taking of their property.

26. The Defendant deprived the Plaintiffs of their constitutional right to just compensation for the taking of their private property.

**SECOND CLAIM FOR RELIEF**
(Inverse Condemnation – Driveway)

27. Plaintiffs reassert and reallege each and every allegation contained in the General Allegations and First and Second Claims for Relief as though set forth herein in their entirety.

---

[2] *See also* NEV. CONST., art. I, § 8(6).

4785 Caughlin Pkwy
Reno, Nevada 89519
(775) 827-2000
www.mcllawfirm.com

28. The Defendant eliminated the driveway to APN 014-06-07 in connection with the Project.

29. The elimination of the driveway constituted a taking of real property for public use.

30. The elimination of the driveway was proximately caused by the Defendant, a governmental entity.

31. The Defendant did not initiate formal proceedings to eliminate the driveway.

32. The Plaintiffs received no compensation from the Defendant for this taking.

### THIRD CLAIM FOR RELIEF
(Inverse Condemnation – Drain)

33. Plaintiffs reassert and reallege each and every allegation contained in the General Allegations and First through Third Claims for Relief as though set forth herein in their entirety.

34. The Defendant took a portion of APN 014-06-07 to construct a drain in connection with the Project.

35. The Defendant's conduct constituted a taking of real property for public use.

36. The construction of the drain was proximately caused by the Defendant, a governmental entity.

37. The Plaintiffs received no compensation from the Defendant for the construction of the drain.

38. This taking was proximately caused by the Defendant, a governmental entity.

39. The Defendant did not initiate formal proceedings to take the portion of APN 014-06-07 used to construct the drain.

40. The Plaintiffs received no compensation from the for this taking.

///

///

///



4785 Caughlin Pkwy
Reno, Nevada 89519
(775) 827-2000
www.mcllawfirm.com

## FOURTH CLAIM FOR RELIEF
(Trespass)

41. Plaintiffs reassert and reallege each and every allegation contained in the General Allegations and in the First through Fourth Claims for Relief as though set forth herein in their entirety.

42. As the sole owners of APN 014-06-07, Plaintiffs have a vested property right in that property.

43. The Defendant took a portion of APN 014-06-07 to construct a drain in connection with the Project.

44. The construction of the drain has caused water, leaves, garbage and other detritus to invade APN 014-06-07.

45. The accumulation of water, leaves, garbage and other detritus constitutes entry and invasion of APN 014-06-07.

46. The aforementioned entry and invasion constitutes a trespass.

47. This trespass has substantially reduced the value of APN 014-06-07.

48. As an actual and proximate result of the Defendant's conduct, the Plaintiffs have suffered damages.

## FIFTH CLAIM FOR RELIEF
(Private Nuisance)

49. Plaintiffs reassert and reallege each and every allegation contained in the General Allegations and in the First through Fifth Claims for Relief as though set forth herein in their entirety.

50. The Defendant took a portion of APN 014-06-07 to construct a drain in connection with the Project.

51. The construction of the drain has caused water, leaves, garbage and other detritus to invade APN 014-06-07.

MAUPIN | COX | LEGOY
ATTORNEYS AT LAW
4785 Caughlin Pkwy
Reno, Nevada 89519
(775) 827-2000
www.mcllawfirm.com

52.     The invasion of APN 014-06-07 by water, leave, garbage and other detritus has substantially and unreasonably interfered with the Plaintiffs' use and enjoyment of their land.

53.     As an actual and proximate result of the Defendant's conduct, the Plaintiffs have suffered damages.

BASED ON THE FOREGOING, Plaintiffs request the following relief:

    a.     Damages in favor of Plaintiffs, in an amount to be determined at trial, but in no event less than $200,000, plus interest, attorneys' fees and costs.

    b.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury of any issue so triable by right.

DATED this 27th day of August, 2021.

MAUPIN, COX & LeGOY

By: _____
Donald A. Lattin, Esq.
Nevada State Bar No. 693
4785 Caughlin Parkway
Reno, Nevada 89519
Tel.: (775) 827-2000 / Fax: (775) 827-2185
dlattin@mcllawfirm.com

*Attorneys for Plaintiffs*

7

# EXHIBIT INDEX

<u>Exhibit</u>    <u>Description</u>
1.          Letter from Defendant to Plaintiff, dated January 22, 2019
2.          Verified Complaint in Eminent Domain



4785 Caughlin Pkwy
Reno, Nevada 89519
(775) 827-2000
www.mcllawfirm.com